OPINION
Defendant-appellant Cindy Leigh Valentine, aka Cindy Leigh Williams appeals the March 16, 1998 Judgment Entry of the Muskingum County Court of Common Pleas, Juvenile Division, ordering back child support and prospective child support, as well as establishing visitation rights. Plaintiff-appellee is Gregory Paul Thomas.
 STATEMENT OF THE CASE
In October, 1995, appellee filed a complaint to establish paternity of the minor child, Sarah Marie Williams, who was born on June 11, 1992. In November, 1995, appellee's paternity was established administratively.
Subsequent to the establishment of paternity, the trial court conducted hearings relative to child support and visitation culminating in a Judgment Entry filed March 16, 1998. It is from that judgment entry appellant prosecutes this appeal assigning as error:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING CERTAIN VISITATION RIGHTS TO APPELLEE.
 II. THE TRIAL COURT'S AWARD OF VISITATION TO APPELLEE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING THE APPELLEE TO PAY $50.00 PER MONTH TOWARD HIS CHILD SUPPORT ARREARAGES.
 STATEMENT OF THE FACTS
Appellee and appellant had known each other for approximately fifteen years and had dated for a couple years prior to Sarah's birth. However, the relationship terminated prior to Sarah's birth.
Shortly after Sarah's birth, appellee contacted appellant and requested to see Sarah. For the next year, appellee visited Sarah two to three times a week at the home of appellant. The visitations ended in the summer of 1993, when appellee moved to Las Vegas, Nevada. Between the time of appellant's relocation to Las Vegas and the first date of hearing before the trial court on January 31, 1997, appellee only visited Sarah a couple of times at appellant's home and once during an unsupervised visitation at a shopping mall in Zanesville.
In addition to personal visitation, appellee telephoned Sarah at least on a weekly basis. Following the hearing on January 31, 1997, appellee visited Sarah only twice before the next hearing date on October 31, 1997. Sarah refers to appellee as "Daddy".
On January 23, 1997, a little more than one week before the first scheduled hearing, appellant's new husband filed a petition for adoption of Sarah in the Muskingum County Probate Court. Appellee refused to consent to the adoption and the Probate Court ruled his consent was required. The Probate Court denied the adoption petition. This Court affirmed the Probate Court's decision in a separate appeal.
 I II
As appellant's first and second assignments of error challenge the trial court's establishment of appellee's visitation rights, we shall address them together. Although appellant makes the same argument under two different standards of review, we note the proper standard of review in this case is whether the trial court abused its discretion in establishing appellee's visitation rights.
In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The visitation schedule provides for appellee to visit Sarah not less than seven (7) consecutive days during her 1998 summer school recess. Beginning in 1999, visitation is extended to not less than twenty-one (21) consecutive days during summer school recess.
R.C. 3109.051 mandates the trial court to consider fifteen factors in determining the child's best interest regarding visitation. Appellant contends "the trial court did not actually review and consider all the relevant factors" despite the trial court's pronouncement to the contrary in its judgment entry. (Appellant's Brief at 7). Specifically, appellant argues the trial court failed to consider: 1) the prior interaction and interrelationship between Sarah and appellee; 2) the age of the child; and 3) the health and safety of Sarah. Appellant also argues the trial court abused its discretion by not imposing sufficient restriction on visitation, i.e., a break-in pattern of visitation before overnight visitations should commence. Finally, appellant notes no evidence was presented as to appellee's parenting skills or experience in caring for a young child.
Contrary to appellant's broad assertion, upon review of the record and the trial court's judgment entry, we conclude the trial court did consider the factors upon which evidence was presented by the parties according to the directive of R.C. 3109.051. We find the trial court did not abuse its discretion in determining the visitation schedule it established was in Sarah's best interest.
Appellant's first and second assignments of error are overruled.
 III
In its March 16, 1998 Judgment Entry, the trial court set back child support at $13,818.79 from the time of Sarah's birth until December, 1997. Appellee was ordered to pay $301.67 per month plus processing charges as child support, effective January, 1998. Appellee was ordered to pay $50.00 per month on the back child support order in addition to his regular monthly child support payment.
In this assignment of error, appellant argues by only ordering $50.00 per month payment on the back child support order, the trial court abused its discretion because it will take over twenty-three (23) years to repay the back child support order at that rate. We disagree.
In light of the prospective child support order, we do not find the trial court abused its discretion in setting the payment schedule for back child support. Accordingly, we overrule appellant's third assignment of error.
The judgment of the Muskingum County Court of Common Pleas, Juvenile Division, is affirmed.
By: Hoffman, J., Farmer, P.J. and Reader, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the March 16, 1998 Judgment Entry of the Muskingum County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.